UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID M. PAYNE,

    Plaintiff,

v.                                                                  Case No. 3:22cv24985-LC-HTC

ESCAMBIA COUNTY JAIL, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff David M. Payne, a pretrial detainee at the Escambia County Jail ("Jail"), proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 challenging the conditions of confinement at the Jail. ECF Doc. 1. As set forth below, the undersigned recommends the case be dismissed for Plaintiff's failure to prosecute and follow orders of the Court.

On January 24, 2023, after screening the complaint, the Court issued an order finding Plaintiff failed to state a claim for relief but, nonetheless, gave him an opportunity to file an amended complaint or file a notice of voluntary dismissal within twenty-one (21) days. ECF Doc. 8. The Court warned Plaintiff that failure to comply with the Order could result in a dismissal. *Id.* at 11. Additionally, the Court specifically noted that, although Jail records showed Plaintiff had been

released, he had not updated his address as previously instructed by the clerk and the Court, ECF Docs. 3 & 4.  *Id.* at 9.  Thus, in addition to sending the January 24 Order to Plaintiff's Jail address, the Court also directed the clerk to mail a courtesy copy of the Order to Plaintiff's home address on file with the Jail.  *Id.* at 11.  Only the copy sent to the Jail was returned as undeliverable.  *See* ECF Doc. 9.  Nonetheless, Plaintiff failed to comply with the Court's January 24 Order, prompting the Court to issue a show cause order on February 22, 2023, ECF Doc. 10.  To date, Plaintiff has failed to respond to the February 22 show cause order; has failed to submit an amended complaint or notice of voluntary dismissal; and has failed to update his address with the Court.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a case *sua sponte* where the plaintiff has failed to prosecute his claims or follow a court order.  Fed. R. Civ. P. 41(b); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011).  The Eleventh Circuit has routinely held that "dismissal upon disregard of an order, especially where the [plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g.*, *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to

comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Based on the foregoing, dismissal of this case is appropriate. Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of March, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:22cv24985-LC-HTC